IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRADLEY J. WYSLING, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08-6014-CV-SJ-JTM |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is the AMENDED MOTION FOR AUTHORIZATION OF ATTORNEY'S FEE PURSUANT TO 42 U.S.C. § 406(b) [Doc. 26] filed by plaintiff Bradley J. Wysling ("Wysling") and his attorney, John L. Vohs. The underlying case involved an appeal to this Court by Wysling challenging a denial of social security benefits. On June 17, 2009, the Court reversed and remanded the case back to the Social Security Administration pursuant to 42 U.S.C. § 406(g), sentence four. On remand, Wysling was awarded benefits, including $46,303.00 in past-due benefits.

Social security claimants and their attorneys are presented with various avenues for ascertaining and awarding attorney's fees. Typically, claimants and attorneys enter into contingent fee agreements. In addition to such agreements, the social security law itself provides rules regarding attorneys fees. With regard to legal representation during the administrative portion of a social security claim, 42 U.S.C. § 406(a) provides that an attorney may be awarded the contingent fee agreed upon between a claim and an attorney so long as (1) the claimant received a favorable determination, and (2) the fee payable under the agreement does not exceed the lesser of $4,000 or 25% of any award of past-due benefits. 42 U.S.C. § 406(a)(A)(2)(i)-(iii).

With regard to legal representation during the federal district portion of a social security claim, the law provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). However, complicating the determination of attorneys fees for federal district court representation is that attorneys fees are also generally recoverable by prevailing social security claimants in federal court under the Equal Access to Justice Act, 28 U.S.C. § 2412. Parties may seek and receive fees under both the SSA and the EAJA. *See*, *e.g.*, *Watford v. Heckler*, 765 F.2d 1562, 1562 (11th Cir.1985). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). However, to avoid a double recovery of attorney's fees, a social security claimant's attorney who is awarded attorney's fees under both § 406(b) and EAJA must refund the lesser amount to his client. *Id*. at 796. In this case, Vohs, though, did not seek an award of EAJA fees.

As previously noted, Wysling was awarded $46,303.00 in past-due benefits by the Social Security Administration. Accordingly, pursuant to the social security law, the maximum fee that can be collected by Vohs is $11,575.75 (25% of the past-due benefits). Prior to filing the pending motion before this Court, the Social Security Administration awarded Vohs $6,000.00 in attorneys fees pursuant to 42 U.S.C. § 406(a) for Vohs representation of Wysling during the administrative stage of the social security case. In the pending motion, Vohs seeks an order from this Court authorizing a payment of $5,575.75 (the $11,575.75 maximum award less the $6,000.00 already paid) under 42 U.S.C. § 406(b)

2

In support of this award, Vohs has provided an affidavit to the Court detailing 39 hours of work spent representing Wysling before this Court (time spent representing Wysling during the administrative stages has been excluded). Vohs also notes that the award he seeks would result in an hourly attorney rate of approximately $143.00, below his regular hourly rate of $150.00 for handling social security cases. In addition, Vohs points out that the fee sought herein pursuant to 42 U.S.C. § 406(b) is less the amount he could have been awarded under EAJA

In response, the Commissioner of Social Security does not dispute any of the above arguments nor does the Commissioner necessarily object to amount of time worked claimed by Vohs nor the resulting hourly rate of $143.00. However, the Commissioner does argue that Vohs has created a "conflict of interest" between himself and Wysling. Specifically, the Commissioner seemingly argues that Vohs' failure to seek EAJA (which would have been paid <u>in addition</u> to any benefits awarded to Wysling) and instead only to seek attorney's fees under Section 406(b) (which are paid <u>out of</u> Wysling's benefits), Vohs should receive some lesser amount for fees. The Court is sympathetic to the Commissioner's argument; however, the anomaly that exists in this case is made possible by the statutory scheme presently in place. Under Section 406(b), the Court role is to determine "a reasonable fee for [the attorney's] representation." While the term "reasonable," perhaps, affords the Court a certain flexibility, the Court is not prepared to "lower" an otherwise reasonable award under Section 406(b) simply because the claimant's attorney failed to seek EAJA fees.[1]

---

[1] This is not to say that the Court wishes to encourage the practice of eschewing EAJA fees in favor of only seeking an award under Section 406(b).

3

For the foregoing reasons and in light of the agreement between the parties that the hours and hourly rate claimed by Vohs are reasonable, it is

**ORDERED** that the AMENDED MOTION FOR AUTHORIZATION OF ATTORNEY'S FEE PURSUANT TO 42 U.S.C. § 406(b), filed March 19, 2011 [Doc. 26] is **GRANTED**. The Court awards attorneys fees to Vohs pursuant to 42 U.S.C. § 406(b) in the amount of $5,575.75 and directs the Social Security Administration, which has withheld said amount from payment to Wysling, to release those funds to Vohs.

      */s/ John T. Maughmer*
      **JOHN T. MAUGHMER**
      **U. S. MAGISTRATE JUDGE**